Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERGIO SOTO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EMCOR FACILITIES SERVICES, INC. and DOES 1-10,<br><br>Defendant(s). | Case No. 2:20-cv-4135<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT [15 U.S.C. §§ 1681b(b)(2)(A), d(a)(1), and g(c)]<br>2. VIOLATIONS OF CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT [CAL. CIV. C. § 1786 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT
-1-

Plaintiff SERGIO SOTO ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following against Defendant EMCOR FACILITIES SERVICES, INC. ("Defendant") upon information and belief based upon personal knowledge:

## INTRODUCTION

1. Plaintiff's Class Action Complaint is brought pursuant to the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et. seq. ("FCRA") and the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. C. §§ 1786 et. seq..

2. Plaintiff alleges that Defendant routinely acquires consumer, investigative consumer, and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current, and former employees and uses information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3. Plaintiff, individually and on behalf of all others similarly situated current, former, and prospective employees, seeks compensatory and punitive damages for Defendant's systematic and willful violations of the FCRA and ICRAA.

4. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the FCRA, 15 U.S.C. 1681 *et seq*.

6. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides within this District and Defendant does

or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff, Sergio Soto ("Plaintiff"), is a natural person residing in Ventura County in the state of California.

8. At all relevant times herein, Defendant, EMCOR FACILITIES SERVICES, INC., was an Ohio company that operates in the state of California and was involved in the hiring and staffing for the maintenance of buildings.

9. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendant as an hourly, non-exempt employee in the County of Ventura, State of California from approximately June 2018 to February 2019.

12. On or about February 2019, eight months after Plaintiff was

employed by Defendant, Defendant ran a background check on Plaintiff and the putative class who did not properly and legally authorize the background check in accordance with federal and state laws nor did Defendant give them a disclosure prior to performing the background check that complied with the FCRA or ICRAA.

13. While Defendant had run a background check on Plaintiff in the course of hiring, the February 2019 background check run by Defendant was without any disclosure or authorization.

14. As a result of the February 2019 background check, Defendant terminated Plaintiff.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of two proposed classes (jointly "The Classes"). The first Class (hereafter "The FCRA Class") defined as follows:

> All persons in the United States who were employed by Defendant who had a background check performed during his or her employment by Defendant from five years prior to the filing of this action until the date of final judgment.

16. The second Class (hereafter "the ICRAA Class") is defined as follows:

> All persons in California who were employed by Defendant who had a background check performed during his or her employment by Defendant from five years prior to the filing of this action until the date of final judgment.

17. Plaintiff represents, and is a member of The FCRA Class, consisting of all persons in the United States who were employed by Defendant who had a

background check performed during his or her employment by Defendant from five years prior to the filing of this action until the date of final judgment.

18. Plaintiff represents, and is a member of The ICRAA Class, consisting of all persons in California who were employed by Defendant who had a background check performed during his or her employment by Defendant from five years prior to the filing of this action until the date of final judgment.

19. Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believe the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

20. The Classes are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

21. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Classes are so numerous that joinder of the Classes members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

22. There are questions of law and fact common to the Classes affecting the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual Classes members and include, but are not necessarily limited to, the following:

    a. Whether Defendant failed to comply with the requirements of FCRA with respect to obtaining authorization for background checks on the Classes?

    b. Whether Defendant filed to comply with the requirements of

      FCRA with respect to providing disclosures after performing background checks on the Classes?

  c. Whether Defendant failed to comply with the requirements of ICRAA with respect to obtaining authorization for background checks on the Classes?

  d. Whether Defendant filed to comply with the requirements of ICRAA with respect to providing disclosures after performing background checks on the Classes?

  e. Whether Defendant willfully failed to comply with the FCRA or ICRAA?

  f. Whether this matter is suitable for Class treatment.

23. As someone who had a background check run without his authorization or disclosure of the results of the background check, Plaintiff is asserting claims that are typical of The Classes.

24. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

25. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

26. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Classes members to protect their interests.

27. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## COUNT I:

## VIOLATION OF FEDERAL FAIR CREDIT REPORTING ACT

## INDIVIDUALLY AND ON BEHALF OF THE FCRA CLASS

28. Plaintiff reincorporates by reference all of the preceding paragraphs.

29. Defendant is a "person" as defined by Section 1681a(b) of the FCRA.

30. Plaintiff and FCRA Class Members are "consumers" within the meaning of Section 1681(c) of the FCRA, because they are "individuals."

31. A credit and background report qualifies as a consumer report under section 1681a(d)(1).

32. A credit and background report qualifies as an investigative consumer report under section 1681a(e).

33. Section 1681b(b)(2)(A)(i) of the FCRA requires that a clear and conspicuous disclosure be made to a consumer that consists solely of the disclosure in writing.

34. Defendant did not make a disclosure that complied with the clear and conspicuous requirements of section 1681b.

35. In the course of their employment, Defendant obtained credit and background reports for employment purposes of Plaintiff and the FCRA Class without making a clear and conspicuous disclosure as required under 1681b.

36. Further, Defendant failed to obtain an authorization in writing to obtain a credit and background report for Plaintiff and the FCRA Class during the course of their employment as required by section 1681b(b)(2)(A)(ii). Thus, the credit and background reports made by Defendant were made without authorization.

37. Defendant's conduct in violation of section 1681b(b)(2)(A) of the FCRA was and is willful. Defendant acted in deliberate and reckless disregard of their obligations and the rights of employees, including Plaintiff and FCRA Class Members.

38. Additionally, Defendant failed to notify Plaintiff and the FCRA Class about their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made, thus violating section 1681d(a).

39. Defendant additionally failed to notify Plaintiff and the FCRA Class about their rights under section 1681g(c)(B) because it did not make a disclosure to Plaintiff and the FCRA Class regarding these specific rights under the FCRA.

40. As a result of Defendant's illegal procurement of credit and background reports by way of its inadequate disclosures set forth above, Plaintiff and FCRA Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

41. Plaintiff, on behalf of himself and all FCRA Class Members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

42. In the alternative to Plaintiff's allegations that these violations were willful, Plaintiff also alleges that the violations were at a minimum negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

# COUNT II:
# VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT
## INDIVDUALLY AND ON BEHALF OF THE ICRAA CLASS

43. Plaintiff incorporates by reference each allegation set forth above.

44. Defendant is a "person" as defined by Section 1786.2(a) of the ICRAA.

45. Plaintiff and ICRAA Class Members are "consumers" within the meaning of Section 1786.2(b) of the ICRAA, because they are "individuals."

46. The background check performed by Defendant qualifies as an investigative consumer report under the ICRAA, 1786.2(c).

47. Defendant procured investigative consumer reports / background checks, as defined by section 1786.2(c) in making employment decisions about Plaintiff and the ICRAA Class.

48. Section 1786.16(a)(2) of the ICRAA requires that a clear and conspicuous disclosure be made to a consumer that consists solely of the disclosure in writing and that this disclosure identify the name, address, and telephone number of the investigative consumer reporting agency.

49. Defendant did not make a disclosure that complied with the clear and conspicuous requirements of section 1786.16(a)(2) and thus violated ICRAA.

50. Defendant did not obtain written authorization to procure the investigative consumer report from Plaintiff and the ICRAA Class as required under section 1786.16(a)(C).

51. Plaintiff alleges that Defendant has a policy and practice of failing to provide adequate written disclosures to employees before procuring background checks or obtain written authorization as described above. Pursuant to that policy and practice, Defendant procured background checks for Plaintiff and ICRAA Class Members without first obtaining authorization or providing a written

disclosure as required by ICRAA as described above.

52. Defendant's conduct is in violation of the ICRAA and is willful and grossly negligent. Defendant acted in deliberate or reckless disregard of their obligations and the rights of employees, including Plaintiff and the ICRAA Class.

53. As a result of Defendant's illegal procurement of background reports by way of its inadequate disclosures and failure to obtain authorization, as set forth above, Plaintiff and the ICRAA Class Members have been injured including, but not limited to, having their privacy rights invaded in violation of the ICRAA.

54. Plaintiff, on behalf of himself and all ICRAA Class Members, seeks all remedies pursuant to Cal. Civ. C. § 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

55. In the alternative, Plaintiff alleges that the violations were at a minimum negligent and seeks the appropriate remedy, if any, under Cal. Civ. C. § 1786.50(a), including actual damages and attorneys' fees and costs.

## **TRIAL BY JURY**

56. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SERGIO SOTO, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, for the following:

    a. That this action be certified as a class action on behalf of The Classes and Plaintiff be appointed as the representative of The Classes and Plaintiff's attorneys be appointed as class counsel;

    b. Statutory damages;

    c. Civil penalties;

    d. Punitive damages;

    e. Injunctive relief;

f.  Actual damages;

g.  Restitution;

h.  Any and all statutory enhanced damages;

i.  All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

j.  For prejudgment interest at the legal rate; and

k.  Any other relief this Honorable Court deems appropriate.

Respectfully submitted this 6th Day of May, 2020.

        LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff